IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD J. COPE, | : | Civil No. 4:12-CV-2382 |
| | : | |
| Plaintiff | : | (Judge Brann) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| GRETCHEN BROSIUS, et al., | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

The plaintiff, Edward J. Cope, is a police officer with the Borough of Northumberland, who has sued Gretchen Brosius, fellow police officers, and other Northumberland Borough municipal leaders, alleging various civil rights violations. On December 20, 2013, counsel for Brosius filed a suggestion of death putting all parties on notice that defendant Brosius had passed away. (Doc. 50)

In response to this filing Cope has now filed a motion which would have us direct counsel for the deceased defendant to substitute a new defendant for Brosius. (Doc. 54) Because this motion, in our view, confuses which party should be filing a motion to substitute, we will DENY this request, but set a schedule for the plaintiff to move to substitute a party in this case.

Federal Rule of Civil Procedure 25(a)(1) provides: "[I]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after the service of a statement noting the death, the action by and against the decedent must be dismissed." (Id.). The language of Federal Rule of Civil Procedure 25(a)(1) is permissive, "the decision whether to substitute parties lies within the discretion of the trial judge and he may refuse to substitute parties in an action even if the party so moves." Froning's, Inc. v. Johnston Feed Serv., Inc., 568 F.2d 108, 110 n. 4 (8th Cir. 1978). However, case law construing the rule recognizes the legal and practical impediments which would flow from an interpretation of Rule 25 like that suggested by Cope, which imposes an affirmative obligation on dead persons and their former counsel to seek out substitutes to volunteer to join a lawsuit as a successor defendant for the deceased. Therefore, as a general rule "plaintiffs cannot place upon the executors the burden of substituting themselves as parties defendant [for a deceased defendant]." Winkelman v. Gen. Motors Corp., 30 F. Supp. 112, 113 (S.D.N.Y. 1939). Instead, in this setting the burden of moving to substitute rests with the plaintiff, and "the burden does not shift from the plaintiffs to the executors." Anderson v. Brady, 1 F.R.D. 589, 591 (E.D. Ky. 1941).

In accordance with this case law, the plaintiff's motion for an order directing the counsel for the deceased defendant to substitute a new party-defendant, (Doc.54), is DENIED and IT IS ORDERED as follows: A motion for substitution must be filed by plaintiff, proposing to substitute a new representative party for the deceased defendant on or before **May 1, 2014**. If no such motion is filed, this action may be dismissed pursuant to Rule 25.

So ordered this 21st day of March, 2014.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge