
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDWARD J. COPE,** | : | Civil No. 4:12-CV-2382 |
| | : | |
| Plaintiff | : | (Judge Brann) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **GRETCHEN BROSIUS, et al.,** | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

### I.   Factual Background

This is a civil rights action brought by a local police officer against his employers relating to numerous disputes that Cope has had with his employers, fellow police officers, and Northumberland's municipal leaders. These disputes have myriad, interlocking aspects in Cope's view and date back to at least the fall of 2009. From Cope's perspective most of the disputes relate to Cope's efforts to speak out on matters that he deems to be of public concern, and actions he perceives that were taken in retaliation for this speech.

This case has been marked by frequent, and acrimonious, discovery disputes, and now comes before the Court for resolution of the latest iteration of these disputes, as set forth in the plaintiff's third motion to compel. (Docs. 112 and 114.)[1]

Having carefully reviewed the parties' latest submissions, for the reasons set forth below, the motion to compel will be GRANTED, in part, and DENIED, in part.

**II.     Discussion**

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and provides that:

> (a) Motion for an Order Compelling Disclosure or Discovery
>
> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. . . .

Fed. R. Civ. P. 37(a).

The scope of what type of discovery may be compelled under Rule 37 is defined, in turn, by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which defines relevant discoverable evidence. Further, rulings regarding the proper scope

---

[1] While both of these documents have been identified as motions to compel on the docket, in fact Doc. 114 is a response in opposition to the motion to compel.

of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v.

>BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches nonprivileged matters that are relevant to a party's claim or defense. Therefore, valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues.

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D.Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D.Kan. 2009).

With these legal guideposts in mind, we turn to consideration of the various discovery requests set forth in this motion to compel.

In his motion to compel Cope first seeks a fully executed copy of the defendants' prior response to interrogatories. In this regard, the plaintiff acknowledges receiving a response to this discovery request in March of 2013, but alleges that it was not fully executed. To the extent that the plaintiff seeks a fully executed and signed copy of this longstanding response this motion is GRANTED.

Second, the plaintiff seeks copies of notes and minutes of meetings from 2002 to the present where "police department polices [sic]" were considered. The defendant's response to this request was to direct the plaintiff to the website where all minutes are maintained and to identify those instances where it was believed that minutes would reflect consideration of police policies. While we regard this response as generally adequate, out of an abundance of caution and fairness we will ORDER defendants to forward copies of all pertinent minutes, notes and records of meetings in its possession, custody and control which are responsive to this request to the plaintiff.

The plaintiff then seeks interview notes, reports and other documents relating to an investigation conducted by a third party for the defendant Borough. It is represented that this report has been released in a redacted form, but the parties

dispute whether the redactions are adequate or appropriate. The parties also dispute whether the report is privileged, although any privilege may have been waived by the release of the report. In order to address these questions, IT IS ORDERED that the defendants shall provide the Court copies of the redacted and unredacted report for our *in camera* inspection.

The plaintiff also seeks the complete personnel file of several defendants. To the extent that Cope claims that he is entitled to wholesale discovery of these personnel files because these individuals forfeited their privacy rights when they were sued by Cope, we disagree. Defendants and witnesses do not forfeit their personal privacy in personnel records when they are sued. Quite the contrary, courts have long recognized that:

> Although personnel files are discoverable, they contain confidential information and discovery of them should be limited. See, e.g., Reagan-Touhy v. Walgreen Co., 526 F.3d 641, 648 (10th Cir.2008) ("Personnel files often contain sensitive personal information ... and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly.... This is not to say personnel files are categorically out-of-bounds."); Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D.Pa.1994) ("[P]ersonnel files are confidential and discovery should be limited."). The Court must weigh the right to relevant discovery against the privacy interest of non-parties. The Court finds that Plaintiff is not entitled to the entire personnel records of all the individuals without a more particularized showing of relevance

<u>Harris v. Harley-Davidson Motor Co. Operations, Inc</u>, No. 09-1449, 2010 WL 4683776, *5 (M.D.Pa Nov. 10, 2010). <u>Miles v. Boeing Co.</u>, 154 F.R.D. 112, 115 (E.D. Pa. 1994)("personnel files are confidential and discovery should be limited."). Here, the plaintiff simply asserts in general terms his belief that wholesale disclosure of these files will reveal relevant information. This is an insufficient showing in our view. Therefore, in the absence of a more narrowly tailored request, or a more fulsome explanation of relevance, the motion to compel is DENIED in this regard.

The plaintiff also seeks copies of certain use of force policies in various electronic formats, including a thumb drive and electronic copies of these policies in their native format including all metadata. The defendants have responded by voicing a complete willingness to provide this information once the parties agree upon a protocol for handling this electronic data. This seems a prudent request, since the plaintiff's discovery demand seeks information relating to the integrity of these electronic records or their alteration. The plaintiff, however, has disagreed and declined to discuss any protocol for release of this information. We believe that the defendants are well-advised to insist upon an appropriate procedural protocol when handling this data, and agree that they may make this disclosure contingent upon the parties agreeing upon such a protocol. Therefore, this request will be DENIED. The parties may return to this Court is they are unable to agree upon such a protocol.

Finally, the plaintiff seeks an award of attorneys' fees, insisting that such fees are mandatory. We disagree. In this setting, where we have granted the motion in part and denied it in part, the award of fees rests in our sound discretion. "If the motion is granted in part and denied in part, the court may. . . , after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P., Rule 37(a)(5)(B). In this case, in the exercise of our discretion we will direct that each party bear its own costs associated with this discovery litigation.

Having resolved these matters fully, the defendants' request for a telephonic conference is DENIED.

An appropriate form of order follows:

### III.   **Order**

AND NOW this 11th day of February 2016, IT IS ORDERED that the plaintiff's motion to compel, (Docs. 112 and 114.) is GRANTED, in part, and DENIED in part as follows:

1. To the extent that the plaintiff seeks a fully executed and signed copy of the longstanding response to interrogatories provided in 2013 this motion is GRANTED.

2. IT IS ORDERED that the defendants shall forward copies of all pertinent minutes, notes and records of meetings in its possession, custody and control which are responsive to the plaintiff's request for copies of notes and minutes of meeting from 2002 to the present where "police department polices [sic]" were considered.

3. IT IS ORDERED that the defendants shall provide the court copies of the redacted and unredacted interview notes, reports and other documents relating to an investigation conducted by a third party for the defendant Borough report for our *in camera* inspection

4. The motion to compel production of personnel files is DENIED.

5. The plaintiff's request for copies of certain use of force policies in various electronic formats, including a thumb drive and electronic copies of these policies in their native format including all metadata is DENIED since the defendants have responded by voicing a complete willingness to provide this information once the parties agree upon a protocol for handling this electronic data, which the plaintiff has declined to do to date, but the defendants shall produce this information

        once the parties agree to an appropriate disclosure protocol. The parties may return to this Court is they are unable to agree upon such a protocol.

6.     The plaintiff's request for attorneys' fees is DENIED. Each party will bear its own costs associated with this discovery litigation.

7.     The defendants' request for a telephonic conference is DENIED since this order resolves this dispute.

 

*<u>S/Martin C. Carlson</u>*
Martin C. Carlson
United States Magistrate Judge