IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD J. COPE, | : | Civil No. 4:12-CV-2382 |
| | : | |
| **Plaintiff** | : | (Judge Brann) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| GRETCHEN BROSIUS, et al., | : | |
| | : | |
| **Defendants** | : | |

MEMORANDUM AND ORDER

I.     Factual Background

This is a civil rights action brought by a local police officer against his

employers relating to numerous disputes that Cope has had with his employers, fellow

police officers, and Northumberland's municipal leaders.   These disputes have

myriad, interlocking aspects in Cope's view and date back to at least the fall of 2009.

From Cope's perspective most of the disputes relate to Cope's efforts to speak out on

matters that he deems to be of public concern, and actions he perceives that were

taken in retaliation for this speech.   At one point during this disputatious process, a

private investigative firm was commissioned to conduct an investigation into Cope's

complaints.   The report of this investigation, which contains reports of interviews

with a number of parties and witnesses in this lawsuit pertaining to factual matters

which lie at the heart of this litigation, was the subject of the plaintiff's third motion to compel. (Docs. 112 and 114.)[1] This document has been provided to the plaintiff in a highly redacted form, with none of the parties' or witnesses' statements disclosed to the plaintiff.

We directed the defendants to provide us with copies of the report in its redacted and unredacted form. Having conducted an *in camera* review of these materials, for the reasons set forth below, IT IS ORDERED that the report be released in an unredacted format.

## II.   <u>Discussion</u>

If a party believes in good faith that another party has failed to respond adequately or appropriately to a discovery request, he may move for an order compelling disclosure or discovery. Fed. R Civ. P. 37(a)(1). The rule specifically permits a party to file a motion to compel the production of documents. Fed. R. Civ. P. 37(a)(3)(iv). Rule 26(b), in turn, generally defines the scope of discovery permitted in a civil action, and prescribes certain limits to that discovery. That rule, which was most recently amended as of December 1, 2015, now provides as follows:

---

[1]While both of these documents have been identified as motions to compel on the docket, in fact Doc. 114 is a response in opposition to the motion to compel.

2

**(b)     Discovery Scope and Limits.**

**(1)     *Scope in General*.**  Unless otherwise limited by court
order, the scope of discovery is as follows:  Parties may
obtain discovery regarding any nonprivileged matter that
is relevant to any party's claim or defense and proportional
to the needs of the case, considering the importance of the
issues at stake in the action, the amount in controversy, the
parties' relative access to relevant information, the parties'
resources, the importance of the discovery in resolving the
issues, and whether the burden or expense of the proposed
discovery outweighs its likely benefit.  Information within
this scope of discovery need not be admissible in evidence
to be discoverable.

Fed. R. Civ. P. 26(b)(1).[2]  Evidence is considered to be "relevant 'if it has any

tendency to make a fact more or less probable that it would be without the evidence'

and 'the fact is of consequence in determining the action.'"  *In re Suboxone*

*(Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, No. 13-MD-2445, 2016

---

[2]  Rule 26(b)(1) was amended effective December 1, 2015, after this lawsuit
was initiated.  However, on April 29, 2015, the United States Supreme Court
ordered that these amendments would apply to all proceedings commenced on or
after December 1, 2015, and all proceedings then pending, "insofar as just and
practicable."  Order ¶ 2 (U.S. Apr. 29, 2015); see also Fed. R. Civ. P. 86(a)(2)
(amended rules govern pending actions unless their application "would be
infeasible or work an injustice").  There appears to be nothing unjust or
impractical about applying Rule 26(b)(1), as amended, in this case.  Accordingly,
the Court finds that Rule 26)(1), as amended in December 2015, applies to this
case and the scope of discovery permitted.  *See Robinson*, No. 14-227, 2016 WL
4678340, at *2 n.1; *United States v. Abbott Labs*, No. 09-4264, 2016 WL
4247429, at *2 n.3 (E.D. Pa. Aug. 11, 2016).

WL 3519618, at *3 (E.D. Pa. June 28, 2016) (quoting Fed. R. Evid. 401).

Rulings regarding the proper scope of discovery, and the extent to which further discovery responses may be compelled, are matters committed to the court's judgment and discretion. *Robinson v. Folino*, No. 14-227, 2016 WL 4678340, at *2 (W.D. Pa. Sept. 7, 2016) (citation omitted); *see also Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). Although decisions relating to the scope of discovery rest with the discretion of the district court, that discretion is nevertheless limited by the scope of Rule 26 itself, which reaches only "nonprivileged matter that is relevant to any party's claim or defense" and this discretion is guided by certain basic principles. Thus, "[t]he Court's discretion in ruling on discovery issues is, therefore, restricted to valid claims of relevance and privilege." *Robinson*, No. 14-227, 2016 WL 4678340, at *2 (citing *Jackson v. Beard*, No. 11-1431, 2014 WL 3868228, at *5 (M.D. Pa. Aug. 6, 2014) ("[a]lthough the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits. . . . Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information")). Therefore, at the outset it is clear that Rule 26's definition of that which can be obtained through discovery reaches nonprivileged matter that is relevant to any party's claim or defense, and valid claims

4

of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues.  Furthermore, the scope of discovery permitted by Rule 26 embraces all relevant information  a concept which is not confined to admissible evidence but is also defined in the following terms:  "Information within this scope of discovery need not be admissible in evidence to be discoverable."  Rather, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."

This concept of relevance is tempered, however, by principles of proportionality.  Thus we are now enjoined to also consider whether the specific discovery sought is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P., Rule 26(b)(1).

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. *Morrison v. Philadelphia Housing Auth.*, 203 F.R.D. 195, 196 (E.D.Pa. 2001).  Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as

5

defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *In re Urethane Antitrust Litigation*, 261 F.R.D. 570, 573 (D.Kan. 2009). Likewise, "[i]n deciding whether a federal privilege against discovery exists, plaintiffs as the objecting party have the burden of establishing the privilege." *Bayges v. Se. Pennsylvania Transp. Auth.*, 144 F.R.D. 269, 271 (E.D. Pa. 1992). Indeed, because the assertion of a claim of privilege "may result in the withholding of relevant information and so may obstruct the search for truth," *In re Chevron Corp.*, 633 F.3d 153, 164 (3d Cir. 2011), it is well-established that, " 'The burden of proving that the . . . privilege applies is placed upon the party asserting the privilege.' *United States v. Landof*, 591 F.2d 36, 38 (9th Cir. 1978)." *Matter of Grand Jury Empanelled February 14, 1978*, 603 F.2d 469, 474 (3d Cir. 1979).

In this case the plaintiff seeks interview notes, reports and other documents relating to a 2012 investigation conducted by a third party for the defendant Borough. It is represented that this report has been released in a redacted form, but the parties dispute whether the redactions are adequate or appropriate. While the defendants argue that this redacted factual information is cloaked in governmental and work-product privileges, we find that they have not carried their burden of showing by competent proof that the report, which was prepared five months prior to this

litigation, was prepared in contemplation of litigation.  We also note that it appears that portions of the report have been disclosed by the defendants at various times. Further, we find that the factual statements made in the interviews may well go to issues at the heart of this lawsuit; namely, whether defendants retaliated against Cope for First Amendment protected activities, or whether there was an independent work-related rationale for any job actions taken by the defendants.

Therefore, concluding that the entirety of the report contains relevant information, and that the defendants have not at this juncture carried their burden of proof and persuasion on their claims of privilege, IT IS ORDERED that the report be released in an unredacted form to the plaintiff.

An appropriate form of order follows:

## Order

AND NOW this 7th day of October 2016, IT IS ORDERED that the plaintiff's motion to compel, (Docs. 112 and 114.) is GRANTED, in part, and IT IS ORDERED that the report submitted to the Court for in camera review be released in an unredacted form to the plaintiff on or before November 15, 2016.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

7