# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD J. COPE, | No. 4:12-CV-02382 |
| Plaintiff. | (Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| GRETCHEN BROSIUS, et al., | |
| Defendants. | |

## MEMORANDUM OPINION

### MAY 4, 2018

Defendants moved for summary judgment on Plaintiff's Amended Complaint. For the reasons that follow, that motion will be granted.

## I.  BACKGROUND

During all times relevant to this lawsuit, Plaintiff Edward J. Cope was employed as a police officer with the Borough of Northumberland ("Borough").[1] In 2004, he was assigned to the detective division of that police department,[2] in which he remained until the division was eliminated in November 2010.[3]

Several times during his career as a police officer, Mr. Cope spoke out about various problems he perceived within the local government and the police

---

[1] Defendants' Statement of Undisputed Material Facts ¶¶ 1, 4; Plaintiff's Response to Defendants' Statement of Undisputed Material Facts ¶¶ 1, 4.

[2] Plaintiff's Response to Defendants' Statement of Material Facts ¶ 8.

[3] *Id.* ¶ 25; Plaintiff's Response to Defendants' Statement of Undisputed Material Facts ¶ 25.

department.⁴  Several times during this same period, Mr. Cope's superiors at the police department issues letters clarifying and highlighting department policies.⁵

On December 16, 2011, Mr. Cope, along with fellow police officers, operated a Taser on an intern.⁶  As a result of that conduct, Mr. Cope received warnings from the chief of police, Defendant Timothy Fink, and the then-current mayor, Defendant Leonard Zboray.⁷

Mr. Cope initiated the instant suit on November 29, 2012,⁸ and the operative complaint⁹ contains five counts.  Three of those counts remain at the time of the instant motion:  Count I, a First Amendment retaliation claim, Count II, a civil rights claim against the Borough, and Count III, a procedural due process claim.

Defendants moved for summary judgment on all three counts on April 11, 2017.  On March 14, 2018, Magistrate Judge Martin C. Carlson issued a Report and Recommendation, to which Mr. Cope objected on March 28, 2018.

---

4  *See, e.g.*, Defendants' Statement of Undisputed Material Facts ¶ 32; Plaintiff's Response to Defendants' Statement of Undisputed Material Facts ¶ 32.

5  *See, e.g.*, Defendants' Statement of Undisputed Material Facts ¶ 39; Plaintiff's Response to Defendants' Statement of Undisputed Material Facts ¶ 39.

6  Defendants' Statement of Undisputed Material Facts ¶ 46; Plaintiff's Response to Defendants' Statement of Undisputed Material Facts ¶ 46.

7  Defendants' Statement of Undisputed Material Facts ¶¶ 50, 51; Plaintiff's Response to Defendants' Statement of Undisputed Material Facts ¶¶ 50, 51.

8  ECF No. 1.

9  ECF No. 23.

## II. DISCUSSION

### A. Standard of Review

Summary judgment is granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] A dispute is "genuine if a reasonable trier-of-fact could find in favor of the non-movant," and "material if it could affect the outcome of the case."[11] To defeat a motion for summary judgment, then, the nonmoving party must point to evidence in the record that would allow a jury to rule in that party's favor.[12] When deciding whether to grant summary judgment, a court should draw all reasonable inferences in favor of the non-moving party.[13]

### B. The First Amendment Retaliation Claim

To sustain a claim for First Amendment retaliation, Mr. Cope must point to evidence showing:

1. constitutionally protected conduct

2. retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and

---

[10] Federal Rule of Civil Procedure 56(a).

[11] *Lichtenstein v. Univ. of Pittsburgh Medical Ctr.*, 691 F.3d 294, 300 (3rd Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 252 (1986).

[12] Federal Rule of Civil Procedure 56(c)(1); *Liberty Lobby*, 477 U.S. at 249.

[13] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

3. a causal link between the constitutionally protected conduct and the retaliatory action.[14]

Defendants argue that Mr. Cope has failed to meet this burden. In response, Mr. Cope first points to Defendant Gretchen Brosius's elimination of the police department's detective division in November 2010, which he argues was in retaliation for his filing of an ethics complaint against her.[15] Mr. Cope, however, did not file the complaint until December 2010[16]—a month *after* the allegedly retaliatory action. The two events, therefore, could not have been causally related.

Mr. Cope then points to two memoranda issued by Chief Fink—one from February 2010[17] and the other from October 2011[18]—which he argues as being in retaliation for "complaints about waste and wrongdoing."[19] The memoranda at issue, however, merely highlight existing rules regarding confidentiality and the police department's chain of command. No jury could find that their publication was "sufficient to deter a person of ordinary firmness from exercising his constitutional rights."

---

[14] *Mirabella v. Villard*, 853 F.3d 641, 649 (3d Cir. 2017).

[15] Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 4.

[16] Defendants' Statement of Undisputed Material Facts ¶ 32; Plaintiff's Response to Defendants' Statement of Undisputed Material Facts ¶ 32.

[17] Ex. 3 to Plaintiff's Response to Defendant's Statement of Undisputed Material Facts at 001181.

[18] Ex. 25 to Defendants' Motion for Summary Judgment.

[19] Ex. 25 to Plaintiff's Response to Defendant's Statement of Undisputed Material Facts at 001181.

Finally, Mr. Cope points to the warnings he received subsequent to the Taser incident.[20] Mr. Cope does not, however, identify what "constitutionally protected conduct" these warnings were allegedly in retaliation for.

Because Mr. Cope has failed to produce sufficient evidence for a jury to find in his favor on his First Amendment retaliation claim, this Court will grant summary judgment in Defendants on Count I of Mr. Cope's Amended Complaint.

### C. The Procedural Due Process Claim

Magistrate Judge Carlson recommended granting summary judgment in favor of Defendants on Mr. Cope's procedural due process claim.[21] Mr. Cope did not object to that recommendation. Therefore, because there is no clear error on the face of the record,[22] this Court will adopt that recommendation and grant summary judgment in favor of Defendants on Count III of Mr. Cope's Amended Complaint.

### D. The Civil Rights Claim Against Borough

Mr. Cope's civil rights claim against the Borough is derivative of his First Amendment claim and his due process claim. Because those two claims have

---

[20] Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 5.

[21] ECF No. 131 at 13-20.

[22] *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010).

failed, this claim must likewise fail. Therefore, this Court will grant summary judgment in favor of Defendants on Count II of Mr. Cope's Amended Complaint.

## III. CONCLUSION

For the reasons discussed above, summary judgment will be granted in favor of Defendants on Counts I, II, and III—*i.e.*, all remaining claims[23]—of Mr. Cope's Amended Complaint.[24] An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[23] Because this Court found that Mr. Cope has not established any constitutional violations against Defendants, it need not reach the issue of qualified immunity.

[24] On April 11, 2018, Defendants moved to strike Mr. Cope's objections to Magistrate Judge Carlson's Report and Recommendation. ECF No. 134. Because this Court overrules Mr. Cope's objections, it will deny Defendants' motion to strike as moot.